UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN ERIS JACKSON II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-2731-JDT-cgc |
| | ) | |
| CORRECT CARE SOLUTIONS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On October 19, 2018, Plaintiff John Eris Jackson II, a pretrial detainee at the Shelby County Criminal Justice Center (Jail) in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on November 7, 2018, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Correct Care Solutions (CCS), the Shelby County Sheriff's Department, and Dr. Oscar Webb.

Jackson alleges that he has been denied medication to treat his Hepatitis C, which was prescribed to him by his doctor at "the Hepatitis C Clinic that I go to at Adult Special Care Center." (ECF No. 1 at PageID 2.) He alleges he has been "told by them there that Oscar Webb [at] this Jail that the insurance carrier will not pay for the meds." (*Id.*) Jackson

lists CCS as the insurance carrier for the Jail and "for its inmates housed there." (*Id.*) He alleges that when he is sent for tests, Defendant Webb "is on the order as if he himself prescribed the test procedure," when the Hepatitis C Clinic in fact prescribes the tests. (*Id.*) Jackson seeks "to rec[ei]ve the 'Accepted Standard Quality of Care' by having my Insurance Carriers pay for my Hepatitis C treatment." (*Id.* at PageID 3.) He alleges that without treatment, he continues to suffer liver damage and that he has advanced fibrosis which is worsening. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a

short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Jackson filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Jackson has identified CCS as the insurance carrier for inmates at the Jail. However, CCS is not an insurer but a private company that contracts to provide medical care for inmates in correctional facilities,[1] including the Shelby County Jail. *See Gladney v. Shelby Cnty.*, No. 13-2668-JDT-TMP, 2014 WL 4660784, at *3 (W.D. Tenn. Sept. 17, 2014); *Chambers v. Correct Care Sol.*, No. 3:15-CV-01021, 2015 WL 5673007, at *4 (M.D. Tenn. Sept. 25, 2015). "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against CCS, Jackson "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).

Jackson alleges that he has been told the insurance carrier at the Jail will not pay for his Hepatitis C medication and treatment. It is not clear from the complaint whether Jackson intends to sue CCS, which he has misidentified as an insurer, or whether he intends

---

[1] CCS recently joined with Correctional Medical Group Companies to form Wellpath. *See* https://wellpathcare.com/about/history/.

4

to sue a different entity, which Jackson has not named in the complaint, that actually provides insurance for inmate medical care at the Jail. Because Jackson's allegations on this front are unclear, he does not properly state a claim against CCS.

Jackson's allegations against the Shelby County Sheriff's Department are construed against Shelby County. The complaint, however, does not state a valid § 1983 claim against Shelby County. A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). Jackson does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County.

Jackson's allegations that he has been denied medical treatment amount to a claim of deliberate indifference. "The Eighth Amendment's prohibition on cruel and unusual punishment generally provides the basis to assert a § 1983 claim of deliberate indifference to serious medical needs, but where that claim is asserted on behalf of a pre-trial detainee,

5

the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 539 (6th Cir. 2008)). Like an Eighth Amendment claim, a Fourteenth Amendment claim of deliberate indifference has both an objective and a subjective component. *Id.* To satisfy the objective component, "the detainee must demonstrate the existence of a sufficiently serious medical need." *Id.* (quoting *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009)). "For the subjective component, the detainee must demonstrate that the defendant possessed a sufficiently culpable state of mind in denying medical care." *Id.* at 891 (quoting *Spears*, 589 F.3d at 254). A defendant has a sufficiently culpable state of mind if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Although Hepatitis C unquestionably qualifies as a serious medical condition, Jackson does not allege that any Defendant knew of and disregarded his need for treatment. He alleges that Doctor Webb "is on the order" for testing "as if he himself prescribed the test procedure." (ECF No. 1 at PageID 2.) Jackson, however, does not allege that Webb refused to treat his Hepatitis C, disallowed Jackson from undergoing the prescribed test or procedure, or otherwise disregarded his condition. Jackson alleges only that Webb told Jackson that the insurance carrier would not pay for his medication. As noted above, it is not clear whether Jackson was told that CCS will not pay for the medication or whether he was told that a different entity, an actual insurer, will not pay for it. In either situation, the complaint does not allege that Webb made the decision not to pay for Jackson's medication.

6

Therefore, in its present form, the complaint does not state a claim for relief under the Fourteenth Amendment.

For all of the foregoing reasons, Jackson's complaint is subject to dismissal in its entirety for failing to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Jackson should be given an opportunity to amend his complaint.

In conclusion, the Court DISMISSES Jackson's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, leave to amend is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order.

Jackson is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Jackson fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

                                        s/ **James D. Todd**
                                        JAMES D. TODD
                                        UNITED STATES DISTRICT JUDGE